[No. 17043.   Department One.   October 17, 1922.]

## R. R. DONNELLY & SONS COMPANY, *Respondent,* v. H. M. DUNPHY, *Appellant.*[1]

PAYMENT (6)—BY BILLS AND NOTES—TERMS OF CONTRACT. A promissory note to a printing company is not shown to have been taken in payment of a contract to make plates and print a book for the maker of the note, where in an action on the note, the reply alleges that it was given pursuant to the contract, which provided for the giving of notes, and that the payee could retain all plates and material as security for any unpaid claim on the printing contract.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered April 9, 1921, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Cordiner & Cordiner,* for appellant.

*E. H. Belden,* for respondent.

TOLMAN, J.—Respondent, as plaintiff, brought this action to recover upon a certain promissory note, dated June 5, 1920, for $8,702.82, due ninety days after date, with interest at the rate of six per cent per annum from date until paid, the note being set out and declared upon in the complaint. Appellant, by way of answer and counterclaim, after making certain denials, pleaded as follows:

"That the note referred to in plaintiff's complaint was made and delivered by said defendant and ac-

[1]Reported in 209 Pac. 1101.

cepted by said plaintiff in full payment for printing, engraving and binding one thousand eight hundred and ninety-nine volumes of a certain book entitled 'One Thousand Ways to Make a Living' for said defendant together with all plates and engravings used by said plaintiff in printing and engraving said books for said defendant. That said plaintiff has failed, refused and neglected to deliver said plates and engravings to said defendant, or any part thereof; that said plates and engravings were and are of the fair and reasonable value of five thousand ($5,000) dollars; that said plaintiff has converted said plates and engravings to its own use to the damage of said defendant in the sum of five thousand ($5,000) dollars.''

By way of reply, plaintiff admitted that the note referred to was given and delivered by the defendant and accepted by the plaintiff in payment of the printing, engraving and binding referred to in the answer, and that the same was made and given under the terms of a written agreement providing therefor, and providing that plaintiff might retain all plates and material and all undelivered work as security for any unpaid claim. The contract referred to in the reply, among other things, contains the following conditions:

''Terms: Interest bearing notes, at 90 days, from the 15th of month succeeding date of delivery. . . .

''It is understood and agreed that R. R. Donnelly & Sons Company has the right to retain all plates and material delivered to it hereunder, and also all undelivered work, as security for any unpaid claim that it may have under this contract.''

The trial court found that the note sued upon was delivered under and in pursuance of this written contract; that plaintiff held the plates and engravings referred to under the terms of the contract, and had not converted the same; and concluded that the plaintiff was entitled to a judgment for the full amount of

the principal and interest upon the note, together with attorneys' fees, and entered a judgment accordingly, from which this appeal is prosecuted.

Appellant seems to contend that respondent, by its reply, has admitted that the note was given and accepted in full payment for the printing, engraving and binding referred to, and also in full payment for the plates and engravings used in connection therewith; and that, therefore, the original debt was thereby paid, satisfied and discharged, and the terms of the original contract are no longer in force. Conceding that the general rule is that, if it be agreed that a note be taken in payment, then the note will have the effect of satisfying the original debt, and the rights of the parties will thereafter be determined by the terms of the note, without reference to the original contract, still, we do not think the admissions of the reply go to the extent of making the rule applicable here. While the reply does say that the note was given and accepted in payment, it further specifies that it was given and accepted under the terms of the original agreement, which terms are specified; and construing the reply as a whole, we think it pleads only the terms of the original contract. It is self-evident from the contract that the note was not given and accepted, or intended to be given and accepted, in absolute payment of the debt, or so as to supersede in any manner the terms of the contract. If, in any ordinary commercial transaction, the promise to pay of the original debtor can be considered a payment which will entirely supersede and wipe out the terms of the original contract, we apprehend that it must appear by very conclusive evidence that such was the intention of the parties. Here the contrary appears. By the terms of the original contract, it is provided that the debtor shall give notes,

and that the creditor shall retain the materials in its hands as security for any unpaid claim under the contract. There is nothing in the record to indicate that it was the intention of either party at any time to make any other or different contract, and we find that no subsequent agreement superseding the terms of the original was ever made. Hence the authorities cited and relied upon by appellant are not in point, and the judgment appealed from must be and is affirmed.

PARKER, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.